Delores MILES, Carolyn Scott, Amanda Reynolds and Carol Williams, Jr., Plaintiffs–Appellants,

v.

ASHLAND CHEMICAL COMPANY, A DIVISION OF ASHLAND OIL, Defendant–Appellee.

Lillian GAINES, Plaintiff–Appellant,

v.

ASHLAND CHEMICAL COMPANY, A DIVISION OF ASHLAND OIL, Defendant–Appellee.

Mildred McKENNA, Plaintiff–Appellant,

v.

SWIFT ADHESIVES, INC., (formerly ES-CHEM, INC.), A DIVISION OF REICHHOLD, and Ashland Chemical Company, a division of Ashland Oil, Defendants–Appellees.

No. 90–8437.

United States Court of Appeals, Eleventh Circuit.

Feb. 24, 1992.

Clarence Martin, Savannah, Ga., for plaintiffs-appellants.

---

Allie S. Edwards, Phillip S. McKinney, Rogers & Hardin, Atlanta, Ga., for defendant-appellee.

Before FAY and COX, Circuit Judges [*].

PER CURIAM:

In these cases we certified the following question to the Supreme Court of Georgia:

> Is the running of the Georgia two-year statute of limitations for a wrongful death action, based upon an alleged failure to warn, tolled until the plaintiff discovers, or with reasonable diligence should have discovered, that the defendant was at least in part responsible for the death of the decedent? Put another way, do the Georgia courts follow the discovery rule in applying the statute of limitations to a wrongful death action alleging a failure to warn?

924 F.2d 1026, 1028 (11th Cir.1991).

The Supreme Court of Georgia has now answered this question in the negative. The court said that Georgia does not follow the discovery rule in applying the statute of limitations to a wrongful death action alleging a failure to warn and that an action for wrongful death "accrues" to the heirs at death. *Miles v. Ashland Chemical Co.*, 261 Ga. 726, 410 S.E.2d 290 (1991).

The federal district court dismissed these actions as time barred under Georgia law. In light of the Supreme Court of Georgia's answer to our certified question, the judgment in each of these cases is

AFFIRMED.